UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MURILLO,

        Plaintiff,

                                      CASE NO. 13-CV-15273

v.                                    HONORABLE GEORGE CARAM STEEH

U.S. DEPARTMENT OF JUSTICE, et al.,

        Defendants.

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DOC. #33), OVERRULING
PLAINTIFF'S OBJECTIONS (DOC. #34), DENYING PLAINTIFF'S
EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (DOC. #5),
DENYING PLAINTIFF'S EMERGENCY MOTION FOR
RESTRAINING ORDER (DOC. #20), GRANTING DEFENDANTS'
<u>MOTION TO DISMISS (DOC. #22) AND DISMISSING CASE</u>

On September 8, 2014, Magistrate Judge Paul Komives issued a report and recommendation recommending that the court grant defendants' motion to dismiss and deny pro se prisoner plaintiff Robert Murillo's emergency motion for preliminary injunction and emergency motion for restraining order. (Doc. #33). Now before the court are Murillo's objections to that report and recommendation. (Doc. #34).[1] Objections to a report and

---

[1] The court received Murillo's untimely objections to the report and recommendation on October 2, 2014. The magistrate judge specifically stated that any objections to his report were to be filed within 14 days of service, and that failure to file such objections constituted a waiver of any further right to appeal. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985). Given Murillo's pro se status, the fact that he is confined in prison, and his contention that he timely mailed his objections to the court on September 22, 2014 (see Doc. #36), the court will consider Murillo's objections on the merits.

-1-

recommendation are reviewed *de novo*. "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Murillo filed this lawsuit against the United States Department of Justice, the United States Bureau of Prisons (BOP), Attorney General Eric Holder, and multiple BOP officials and officials at FCI-Milan, including FCI-Milan Warden J.A. Terris. Murillo's claims are premised on his belief that his 295 month sentence for drug convictions is contrary to the 20-year statutory maximum under 21 U.S.C. § 841(b)(1)(C). Murillo is scheduled to be released on May 16, 2016.

Murillo asserts claims under the Privacy Act, 5 U.S.C. § 552a(e)(5), the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.*, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1977). Murillo contends that, as of May 12, 2012, his sentence was in excess of the 20-year maximum, and therefore he is being incarcerated illegally. Murillo says that he requested a "written disposition" from the BOP in response to his formal challenge to the accuracy of his files, which in his view should reflect his allegedly illegal sentence, but that the BOP has ignored his multiple requests. For relief, Murillo seeks an order from the court requiring the BOP to amend the documents related to his sentence, and an award of "$5,000,000 per count for the irreparable harm that has been done to plaintiff." In addition, Murillo seeks "a limited preliminary habeas corpus determination" whether he was sentenced under 21

U.S.C. § 841(b)(1)(A) or under the statutory default provision of § 841(b)(1)(C).

In his report and recommendation, Magistrate Judge Komives found that Murillo's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because his claims, if successful, would necessarily imply the invalidity of his sentence. Alternatively, Magistrate Judge Komives found that Murillo failed to state a claim upon which relief could be granted. Murillo has raised several objections, all of which lack merit.

Murillo objects the magistrate judge's conclusion that *Heck* bars his claims. Murillo's objection does not withstand scrutiny. *Heck* precludes an action that requests relief that can only be granted by finding a prior conviction to be invalid. 512 U.S. at 481–82. There is no question that the relief requested by Murillo, as described above, would necessarily require the court to conclude that his sentence is invalid. Therefore, as the magistrate judge correctly concluded, Murillo's claims are barred by *Heck*.

Because the court has determined that *Heck* bars Murillo's claims, and his remaining objections challenge the magistrate judge's alternative holding that Murillo's claims fail on the merits, the court does not need to address the remaining objections. However, the court has reviewed the magistrate judge's cogent report and agrees that, on the merits, Murillo fails to state a claim upon which relief can be granted. Accordingly, the court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. #33) and OVERRULES Murillo's objections (Doc. #34). IT IS FURTHER ORDERED that Plaintiff's emergency motion for preliminary injunction (Doc. #5) is hereby DENIED, Plaintiff's emergency motion for restraining order (Doc. #20) is DENIED, Defendant's

motion to dismiss (Doc. #22) is GRANTED, and this case is DISMISSED.[2]

IT IS SO ORDERED.

Dated:  October 21, 2014

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2014, by electronic and/or ordinary mail and also on Robert Murillo #16500039, Federal Correctional Institution - Milan, P.O. Box 1000, Milan, MI 48160-1090.

s/Barbara Radke
Deputy Clerk

---

[2] Plaintiff filed a "motion in opposition" to Defendants' response to his emergency motions.  (Doc. #28).  The filing was improperly identified as a motion rather than a reply and is hereby DISMISSED.